LaMonica Herbst & Maniscalco, LLP  Hearing Date; May 8, 2008
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Gary F. Herbst, Esq. (GH#2148)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP

-----------------------------------------------------------------x

In re:  Chapter 7

Case No. 04-85727-DTE

LYNN CAROL SCHNEIDER,

            Debtor.

-----------------------------------------------------------------x

### TRUSTEE'S REPLY TO THE OBJECTIONS OF THE DEBTOR AND ELIZABETH A. MASON, IN HER CAPACITY AS PURPORTED SECURED CREDITOR OF THIS ESTATE, TO THE PROPOSED SETTLEMENT BY AND BETWEEN THE TRUSTEE AND RICHARD CORDANI AND <u>LONG ISLAND FORUM FOR TECHNOLOGY</u>

R. Kenneth Barnard, Esq, the Chapter 7 Trustee of the estate of Lynn Carol Schneider (the "Debtor") hereby submits this response to the objections filed by the Debtor and Elizabeth A. Mason Esq., in her capacity as a purported secured creditor of the Debtor's estate, to the Trustee's proposed settlement between the Trustee, Richard Cordani and Long Island Forum for Technology (the "<u>Stipulation</u>") and states as follows:

### **INTRODUCTION**

In reaching the settlement, set forth in the Stipulation, the Trustee considered the interests of all parties, which included the creditors of this estate and also the interests of the Debtor. However, unlike the normal personal injury or similar case where the Trustee continues with the prosecution of the pending state court action this case is remarkably different. This case has a significant legal issue which, if ultimately found against this estate, would deny the estate any recovery. In this regard, it is because the Debtor failed to list her interest, or testify as to the existence of, the Discrimination Action that the Trustee was compelled to enter into the present settlement. Moreover, the Trustee did contact Ms. Mason several months prior to executing the

present settlement and suggested an alternative course of action. The Trustee, by his counsel, also provided her with the case law that the Trustee considered before he executed the Stipulation. Her response, other than to state that she would continue to prosecute the Discrimination Action and the appeals therefrom, did not provide the Trustee with any assurance or reasonable alternative overcoming what the Trustee believes is a serious legal concern that would require the Trustee to gamble with the creditors recovery. It is this reason and the holdings set forth in the cases previously cited in the Trustee's motion that led the Trustee to conclude that the entry into the Stipulation was a reasonable exercise of the Trustee's fiduciary responsibilities under the circumstances of this case.

### THE OBJECTIONS

1. The objections raise several issues, which, for the reasons that follow, should be rejected. First, the Debtor claims that her interests were not considered in the proposed settlement. This is not true. The Trustee is faced with a distinct prospect that there will be no recovery in this case based upon the Debtor's failure to list the Discrimination Action in the petition. This failure to list the action could result in the dismissal of that action without the ability to refile it due to the expiration of the statute of limitations. The Trustee's settlement would pay not only all of the filed unsecured claims against the estate, which are approximately $40,000.00[1], in full, but would also provide a distribution to the Debtor. The claim of Ms. Mason, as a purported secured creditor would also be paid, as allowed by the Court. In this connection, to the extent she has any claim, which is subject to the approval of the Court, her claim is limited to a 1/3 contingency on the **recovery**. Thus, at best, she would have a $50,000.00 claim. Consequently, after payment of administrative claims and any tax claims that would have to be paid by the estate, the Debtor should receive a distribution.

---

[1] The Trustee has been contacted recently by the Internal Revenue Service who advised that they will be filing a $6,000.00 to $8,000.00 priority claim against the estate based upon unfiled tax returns by the Debtor. This claim would also be paid in full.

2

2.  Moreover, contrary to the Debtor's contention, this is not a solvent estate. The award is only that, an award, but not a recovery and it is subject to an appeal with significant legal issues. As such this is not a surplus case. Accordingly, as this Court recognized in **In re Spielfogel** 211 B.R. 133 (Bankr. E.D.N.Y. 1997), the analysis in a insolvent estate, such as this, is straightforward and the interests of the creditors take precedence over those of the Debtor. See **In re Bowman** 181 B.R. (Bankr. D. Md. 1995).

3.  Notwithstanding the analysis in the Motion regarding the Trustee's concerns of a possible dismissal of the Discrimination Action those issues were not addressed by the Debtor and Ms. Mason in their respective objections other than to simply disagree. Simply claiming that the Trustee's concerns are unfounded in light of the cited cases and facts does not help and does not dissuade the Trustee from his legitimate concerns.

4.  With regard to the Debtor's statements concerning negotiations with the Trustee the Court should be aware that no formal offer has been tendered to the Trustee despite significant time to do so. Even in the Debtor's opposition no formal proposal is made that would justify the Trustee to withdraw from the settlement.

5.  Further, as to the objections of Ms. Mason, the purported secured creditor, this Court will first have to determine what, if any, fee and claim she will be allowed. Second her 1/3 contingency claim is limited under her retainer agreement to "any and all sums **recovered** either as a result of trial or by way of settlement". (emphasis added)  Later, at para I of the retainer agreement it states that the 33.33% contingency fee is off the "gross amount **recovered**" (emphasis added). Thus, under the proposed settlement the Trustee would be able to pay all creditors of the estate in full, including Ms. Mason and also provide a distribution to the Debtor.

6.  Ms. Mason's contention that the settlement should be rejected and that the Trustee

be required to retain Ms. Mason is equally without merit. The Trustee has not sought, and is not seeking at this time, to retain any particular special counsel to this estate. The only matter before the Court is the approval of the proposed Stipulation. As such the case of **In re Christos and Nota Vouzianas** 250 B.R. 478 (E.D.N.Y. 2000) does not apply.  Moreover, even if it did have any application Ms. Mason has failed to consider the recent case of  **In re Sueann M. Smith, Jeffrey H. Schwartz v, Robert Geltzer,** 507 F. 3d 64 (2nd Cir. 2007) where the Court held that the bankruptcy court should interfere with the trustee's choice of counsel only in the rarest of cases. The Court recognized that special counsel represents the Trustee and not the debtor.

7. In the instant case even if the Court were to consider this argument the Court must consider that the Trustee is the client, not the Debtor and that Ms. Mason would owe an undivided duty of loyalty to the Trustee. This she cannot do. In this connection while the creditors of this estate could be paid in full under the proposed settlement Ms. Mason and the Debtor have a different interest. More specifically, the greater the recovery the greater the fee and the greater the possible return to the Debtor. Unfortunately, that would require the Trustee to gamble with the creditors money. It is distinctly possible that Ms. Mason would have a conflict in representing the Trustee in this matter by virtue of the terms of the retainer agreement and the acknowledged difference of opinion as reflected in her objection. Indeed, it would appear that Ms. Mason, who would be counsel to the Trustee, would seek to oppose any settlement proposed by the Trustee that fell short of the amount of the award, no matter the legal issues or the interests of the other creditors.

## CONCLUSION

8. The Trustee has given serious consideration as to the interests of all parties in this case.  However, the Trustee does not believe in his business judgment that it is prudent or appropriate to gamble with the creditors money and allow the Debtor to roll the dice on the pursuit

of this matter when she failed to list this matter in her petition and thus, causing the significant legal issue that has been and will be raised. Consequently, the Trustee requests that the Court approve the settlement.

**WHEREFORE,** the Trustee respectfully requests that the Court approve the settlement as proposed and for such other relief as the court deems just and proper.

Dated: Wantagh, New York
       May 6, 2008

                                 **LaMonica Herbst & Maniscalco LLP**
                                 Counsel to R. Kenneth Barnard, Esq., as
                                 the Chapter 7 Trustee

By:    */s/ Gary F. Herbst*
        Gary F. Herbst, Esq. (GH#2498)
        A Member of the Firm
        3305 Jerusalem Avenue
        Wantagh, New York 11793
        (516) 826-6500

*M:\Documents\Company\Cases\Schneider, Lynn\Trustee's Reply to Objection.wpd*