UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

In re:

LYNN CAROL SCHNEIDER

Chapter 7

Case No. 04-85727 (LAS)

Debtor

# NOTICE OF HEARING ON THE INTERIM APPLICATIONS FOR ALLOWANCE OF COMPENSATION AND THE REIMBURSEMENT OF THE TRUSTEE'S RETAINED PROFESSIONALS

I have an OBJECTION to the APPLICATIONS filed by LaMonica Herbst & Maniscalco, LLP in its entirety based on the reasons stated in the pages to follow:

Dear Judge Scarcella:

I earned my Industrial Engineering degree from Hofstra University and my MBA from Dowling College. At the time I was employed at LIFT, I was the Regional Vice President of the Institute of Industrial Engineers NE Region and Board member of the Long Island Chapter of the Institute of Industrial Engineers. I was highly regarded and well respected in my field.

I was very excited to work for LIFT. The thought of helping small to mid-sized businesses run more efficiently and effectively and keep them on Long Island and in New York State was very intriguing. I performed functions such as: Business Process Reengineering, Cost Savings Analysis, formulating business and succession plans and identifying programs and incentives offered by NYS for businesses in addition to many other functions. I helped businesses take advantage of these opportunities to help them improve their operations, increase their revenue, and prevent them from going out of business, filing for bankruptcy or moving out of NYS. I lived, loved and breathed being an engineer.

November 1, 2016, will mark the 21st year that I was fired from LIFT and the start of a nightmare that changed my life forever. Though the people who were there no longer are, the new administration have no idea nor care about what transpired. It's about a person who had a successful life, hopes and dreams that were shattered beyond repair by the actions of Dick Cordani and Walter Mickle.

Judge Vespoli heard my case and these were his findings:

"In the instant case, the conduct described by Complainant is sufficiently severe or pervasive to amount to an actionable claim of sexual harassment. The record evinces numerous specific facts regarding incidents of verbal harassment by Cordani."

"The harassment described by Complainant clearly rises to the level of objective severity and pervasiveness required to constitute an actionable claim under NYHRL. Accordingly, Complainant prevails on her sexual harassment claim."

"The facts giving rise to the Complainant's termination in this case, in which Mickle frequently belittled Complainant to her face and issued unfounded warning letters, are more severe than the facts giving rise to the retaliation claims in Gleason. In addition, here there is additional mental anguish for the hostile work environment, not substantiated in Gleason."

The trial was dragged out over six months. After the verdict was delivered, LIFT fired their counsel and hired new counsel. When they couldn't find a way to overturn the verdict, they looked for another way once again to retaliate against me.

I was diagnosed with PTSD as a direct result of the harassment and retaliation.

I always had excellent credit, paid my bills on time and never had any credit problems. I was fired abruptly, and due to the depression, PTSD, Walter slandering me throughout the manufacturing and economic development community, NYS contracts taken from me and the inability to find work in my field, I was forced to file for bankruptcy. It was one of the hardest decisions I had to make in my life.

When I went to file for bankruptcy, I was told if I didn't pay for filing that it might not be accepted. It was recommended that an attorney file the paperwork. I didn't have enough money to file the papers and hire the attorney so I filed the papers myself. The bankruptcy was discharged. When LIFT's new counsel notified the trustee that I didn't list the lawsuit as an asset, my case was dragged back to bankruptcy court. I explained to Judge Eisenberg that when I took accounting in college an asset was tangible (meaning it had value). When I filed for bankruptcy, we hadn't gone to court yet so it had no value.

In my opinion, the trustee did not allow me to fight for my right for justice. Though I do believe the creditors were due to be paid, my case was about sexual harassment and retaliation that turned into a bankruptcy case valued at $39,500 that was due to the aforementioned. A mistake not knowing bankruptcy law by a layperson was truly an error and I did apologize to Judge Eisenberg and to the trustee for that. If I could have afforded an attorney at the time, I would have hired one. Unfortunately, I had to file for bankruptcy and have been here far too long for reasons well beyond my control. The trustee settled for $300,000 over my objections and Ms. Mason's objections knowing in the end there would be no money left for me. The trustee took away my rights to fight my case outside of bankruptcy court and collect the award Judge Vespoli awarded me plus interest and Ms. Mason spent years working on getting these guilty decisions.

I did not get to live my life as I have been stuck in a prison within myself caused by what Dick Cordani and Walter Mickle have done to me. Losing my self-confidence and self-worth to people who were mere bullies compromised my health and my well-being. My attorney not only believed me but stuck with me; she was able to prove beyond a reasonable doubt that Dick Cordani, Walter Mickle and LIFT were guilty of these crimes. I withdrew my Chapter 13 Conversion Motion based on my understanding that the trustee would secure an award that would result in money that would come to me. As I see it, the creditors, Ms. Mason and I are the losers in this matter, and LIFT won.

I always believed the justice system was fair and just and there to protect me. LIFT spent so much money on legal counsel to win at all costs. They kept on victimizing the victim which continues to make them a bully. I don't understand why the legal system didn't do more to protect me and allowed this abuse to continue by LIFT and by the trustee and his attorneys.

Respectfully,

*Lynn Schneider*

Lynn Schneider